IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS CHAVEZ, *et al.*,

    Plaintiffs,

v.                                                              Civ. No. 18-193 KG/GBW

NEW MEXICO CORRECTIONS DEPT. *et al.*,

    Defendants.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court *sua sponte*, following Plaintiff Rawhi Farah's failure to appear at a March 6, 2019 telephonic status conference (*doc. 30*) and his subsequent failure to respond to the Court's Order to Show Cause (*doc. 31*). Based on Plaintiff's failure to prosecute and failure to comply with the Court's orders, I RECOMMEND that the Court DISMISS Plaintiff Farah from this action.

## I.    BACKGROUND

Plaintiffs Farah and Chavez commenced this suit on July 29, 2017 in the Thirteenth Judicial District Court of New Mexico, asserting both state and federal claims arising from their incarceration. *See generally doc. 1-1*. Both Plaintiff Farah and Plaintiff Chavez remained incarcerated at the time of filing. *Id*. at 2. Defendant Corizon removed the action to this Court on February 27, 2018. *Doc. 1*.

On February 6, 2019, Alvin Garcia, who was then representing both plaintiffs, moved to withdraw as counsel for Mr. Farah. *Doc. 26*. He explained in his motion that he had attempted to reach Mr. Farah numerous times without success. Mr. Farah's current address was unknown, but Mr. Farah's brother informed Mr. Garcia that he had left the country and was likely in Israel or Palestine. *Id*. at 1. Mr. Farah's brother had no information about when or if Mr. Farah might return to the United States. *Id*. On February 11, 2019, the Court issued an order granting Mr. Garcia's Motion to Withdraw.[1] *Doc. 27*.

Plaintiff Farah, now proceeding *pro se*, failed to appear at the telephonic status conference scheduled for March 6, 2019. *Doc. 30*. The Order Setting Telephonic Status Conference (*doc. 28*) was issued nearly a month prior and mailed to Plaintiff Farah's last known address in Tennessee. During the status conference, Mr. Garcia informed the Court that he had not succeeded in contacting Mr. Farah and that a package sent to Mr. Farah's last known address had been returned. *Doc. 30* at 1–2. Mr. Garcia confirmed that he had spoken with Mr. Farah's brother, but that Mr. Farah's brother was not in contact with Mr. Farah. Counsel for all parties agreed that Mr. Farah's discovery responses were long overdue. *Id*. at 2.

The Court issued an Order to Show Cause on March 8, 2019, directing Plaintiff Farah to show cause why the Court should not assess sanctions against him, including

---

[1] Mr. Garcia continues to represent Plaintiff Chavez in this action.

dismissal of his claims, for his failure to appear at the telephonic status conference. *Doc. 31*. Moreover, Plaintiff Farah was advised that a "[f]ailure to file a response in writing shall constitute an independent basis for dismissal." *Id*. at 2. The response deadline was April 6, 2019. That deadline has now passed and, to date, Plaintiff Farah has not responded.

## II.    LEGAL STANDARD

A court may dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal generally "operates as an adjudication on the merits." *Id*. The case may be dismissed upon motion of the defendant, or by the court *sua sponte*. "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders." *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Federal Rules also specifically state that a court may issue sanctions for failure to appear "at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A).

The Tenth Circuit has identified five factors for district courts to consider in determining whether to issue a dismissal sanction. *Lee v. Max Int'l, LLC*, 638 F.3d 1318,

3

1323 (10th Cir. 2011) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

These factors are as follows:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations omitted). These factors "do not constitute a rigid test." *Ehrenhaus*, 965 F.2d at 921. Rather, they are factors that a district court "may wish to consider" in deciding whether to dismiss an action. *Lee*, 638 F.3d at 1323. *See also Archibeque v. Atchison, T & S.F. Ry.*, 70 F.3d 1172, 1174–75 (10th Cir. 1995) (upholding dismissal despite the fact that the district court did not evaluate all five *Ehrenhaus* factors). District courts enjoy "very broad discretion" in their use of sanctions. *Lee*, 638 F.3d at 1320 (internal quotation and citation omitted).

## III. ANALYSIS

Considering the case in light of the *Ehrenhaus* factors, I find that Plaintiff Farah should be dismissed from the action for his failure to appear at the status conference and his failure to comply with the Court's show cause order.

1. <u>Actual Prejudice to Defendants</u>

Plaintiff Farah's absence has already resulted in significant prejudice to Defendants. Discovery in this case cannot move forward while all discovery requests sent to Plaintiff Farah remain outstanding long past their due dates. *See doc. 30* at 2.

4

Due to the uncertainty and delay associated with Plaintiff Farah's failure to appear at the conference, respond to discovery requests, or communicate with counsel in any way, discovery deadlines in this matter have already been moved back by approximately ninety days. *See id.*; *doc. 34*. Because it is uncertain when or if Mr. Farah will return to the United States, and he has neither updated his address with the Court nor engaged in any communication with counsel or other litigants since his departure from the country, prejudice to Defendants in the form of delay is likely to continue indefinitely if Mr. Farah is not dismissed from the case. Therefore, the first factor weighs in favor of dismissal.

  2. <u>Interference with the Judicial Process</u>

"Willful" conduct, such as willful failure to comply with a court order, constitutes interference with the judicial process for purposes of the second *Ehrenhaus* factor. *Ehrenhaus*, 965 F.2d at 921. Plaintiff Farah's failure to appear at the status conference and his failure to respond to the show cause order likely were not willful, as he could not be contacted regarding the Court's orders. On the other hand, his decision to travel outside of the United States without updating his address, and to abandon all communication with the Court, his counsel, or other parties, was intentional and represents a refusal to participate in the discovery process. It has, moreover, led to substantial delay. *See, e.g., Holmstrom v. Bd. of Cty Comm'rs for Chaves*, 2016 WL 9777150, at *2 (D.N.M. June 13, 2016) (unpublished) (finding interference with the judicial

process where plaintiffs' actions "unnecessarily delay[ed] the judicial process"). I find that the delay caused by Mr. Farah's actions has interfered with the judicial process and weighs in favor of dismissal.

3. Culpability of the Litigant

There is no indication that the circumstance of leaving the country without providing any address or other means of contact was outside of Plaintiff Farah's control. Accordingly, I find that Plaintiff Farah is culpable for his failure to appear and his failure to respond to the show cause order.

4. Advance Warning

Plaintiff Farah received clear warning that failure to comply could result in the dismissal of his claims. The March 8 Order to Show Cause directed him to show cause "why the Court should not assess sanctions against him to include dismissal of his claims." *Doc. 31* at 2. In addition, the Order explicitly warned that "[f]ailure to file a response in writing shall constitute an independent basis for dismissal." *Id*.

5. Efficacy of Lesser Sanctions

Finally, it does not appear that any lesser sanctions would be effective in remedying the prejudicial effects of Plaintiff Farah's continued absence. Mr. Farah is, to the best of the Court's knowledge, in either Israel or Palestine and is not receiving any communications from the Court or other litigants. *See doc. 30*. There appears to be no way to contact Mr. Farah. It is therefore unlikely that the issuance of any lesser

6

sanctions would induce Mr. Farah to update his address with the Court, resume contact, comply with Court orders, and fulfill his discovery obligations. Discovery can move forward only if Plaintiff Farah is dismissed from the action.

IV. CONCLUSION

Based on the foregoing analysis, I find that the *Ehrenhaus* factors weigh in favor of dismissal and conclude that dismissal of Plaintiff Rawhi Farah from the action would be a just and appropriate sanction for his failure to prosecute and comply with Court orders. I therefore RECOMMEND that Plaintiff Farah be DISMISSED WITH PREJUDICE.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**